TODD KIM
Assistant Attorney General
ELIZABETH L. LOEB (NY Bar No. 2294809)
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington D.C. 20044-7611(202) 616-8916
Elizabeth.loeb@usdoj.gov
Attorneys for Plaintiff United States of America

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| GENESEE & WYOMING RAILROAD SERVICES, INC., THE BAY LINE RAILROAD, LLC, DALLAS, GARLAND & NORTHEASTERN RAILROAD, INC. OHIO CENTRAL RAILROAD, INC, PORTLAND & WESTERN RAILROAD, INC. RAPID CITY, PIERRE & EASTERN RAILROAD, INC. | ) Case No.: |
| Defendants. | ) |

**COMPLAINT**

1

The United States of America, by authority of the Attorney General and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief and civil penalties under the Clean Air CAA ("CAA"), 42 U.S.C. §§ 7401-7671, arising from violations of regulatory requirements relating to emissions, maintenance, and recordkeeping requirements for locomotives and locomotive engines (collectively referred to herein as "locomotives").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Sections 204 and 205 of the CAA, 42 U.S.C. §§ 7523 and 7524.

3. Venue is proper is this District pursuant to 28 U.S.C. §§ 1391(b)(1) and 1395 and Section 205 of the CAA, 42 U.S.C. § 7524, because Defendants Genesee & Wyoming, Railroad Services, Inc. ("GRSI") and Rapid City, Pierre & Eastern Railroad, Inc. are incorporated in this judicial district.

## DEFENDANTS

4. Defendant Genesee & Wyoming, Railroad Services, Inc. ("GRSI") is incorporated in the state of Delaware.

5. Defendant GRSI is a wholly owned subsidiary of Genesee & Wyoming, Inc. ("GWI"). GWI also wholly owns Defendants The Bay Line Railroad, LLC., Dallas, Garland & Northeastern Railroad, Inc., Ohio Central Railroad, Inc., Portland & Western Railroad, Inc. and

Rapid City, Pierre & Eastern Railroad, Inc. (collectively "the Railroad Defendants") and numerous other short line railroads throughout the United States.

6. Defendant The Bay Line Railroad, LLC was formed in the state of Alabama and owns, leases, operates and/or remanufactures locomotives that are the subject of the violations asserted herein.

7. Defendant Dallas, Garland & Northeastern Railroad, Inc. is incorporated in the state of Texas and owns, leases, operates, and/or remanufactures locomotives that are the subject of the violations asserted herein.

8. Defendant Ohio Central Railroad, Inc. is incorporated in the state of Ohio and owns, leases, operates, and/or remanufactures locomotives that are the subject of the violations asserted herein.

9. Defendant Portland & Western Railroad, Inc. is incorporated in New York and owns, leases, operates, and/or remanufactures locomotives that are the subject of the violations asserted herein.

10. Defendant Rapid City, Pierre & Eastern Railroad, Inc. is incorporated in the state of Delaware and owns, leases, operates, and/or remanufactures locomotives that are the subject of the violations asserted herein.

## STATUTORY AND REGULATORY BACKGROUND

11. This action arises under Title II of the CAA, as amended, 42 U.S.C. § 7521, *et seq.*, and the regulations promulgated thereunder relating to locomotives.

12. Through the CAA, Congress intended "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population." 42 U.S.C. § 7401(b)(1).

13. Section 213(a)(5) of the CAA requires EPA to prescribe and revise standards applicable to the emission of any air pollutant from new locomotives and new engines used in locomotives and provides that such standards shall achieve the greatest degree of emission reduction achievable through the application of technology which EPA determines will be available for the locomotives or engines to which they apply. 42 U.S.C. § 7547(a)(5).

**A.     Locomotive Emission Standards**

14. Pursuant to Section 213(a)(5) of the CAA, EPA has promulgated, and from time to time revised, the following emission standards and other requirements for locomotives at 40 C.F.R. Parts 92, 1033 and 1068.

   a. During the time period relevant to this Complaint, until June 29, 2021, regulations promulgated at 40 C.F.R. Part 92 set forth emissions standards for "locomotives" that were "remanufactured" from January 1, 2000 through July 6, 2008. Beginning on June 29, 2021, the 40 C.F.R. Part 92 regulations were migrated to 40 C.F.R. Part 1033. See 40 C.F.R. § 92.1 (2022).

   b. During the time period relevant to this Complaint, regulations promulgated at 40 C.F.R. Part 1033 set forth emission standards for locomotives that were "remanufactured" from July 7, 2008 to the present. 40 C.F.R. § 1033.1(e).

   c. During the time period relevant to this Complaint, regulations promulgated at 40 C.F. R. Part 1068 provide general compliance provisions for all locomotives subject to 40 C.F.R. Parts 92 and 1033.

15. The regulations promulgated at 40 C.F.R. Parts 92 and 1033 both define "locomotive" as "a self-propelled piece of on-track equipment designed for moving or propelling cars that are designed to carry freight, or other equipment, but which itself is not designed or

intended to carry freight (other than those operating the locomotive) or other equipment." 40 C.F.R. §§ 92.2 (2020), 1033.901.  Both Parts 92 and 1033 define "locomotive engine" as "an engine incorporated into a locomotive or intended for incorporation into a locomotive." 40 C.F.R. §§ 92.2 (2020), 1033.901.

16. During the time period relevant to this Complaint, Section 203(a)(l) of the CAA, prohibited manufacturers of new locomotives from importing, selling, offering for sale, introducing or delivering for introduction into commerce (or causing any of the foregoing with respect to) any new locomotive unless the locomotive is covered by a Certificate of Conformity (COC) issued by EPA under regulations prescribed by the CAA.  42 U.S.C. § 7522(a)(1); § 7547(d) (making Section 203 of the CAA applicable to new locomotives).

17. During the time period relevant to this Complaint, 40 C.F.R. Part 92 prohibited:

> [i]n the case of a manufacturer or remanufacturer of new locomotives or new locomotive engines, the sale, the offering for sale, the introduction into commerce, the delivery for introduction into commerce, or the distribution in commerce of any new locomotive or new locomotive engine manufactured or remanufactured after the effective date of applicable emission standards under this part, unless such locomotive or locomotive engine is covered by a certificate of conformity issued (and in effect) under regulations found in this part. (Introduction into commerce includes placement of a new locomotive or new locomotive engine back into service following remanufacturing.).

40 C.F.R. § 92.1103(a)(1)(i)(A) (2020).

18. During the time period relevant to this Complaint, 40 C.F.R. Part 1033 provided that: "the placement of a new locomotive or new locomotive engine back into service following remanufacturing is a violation of 40 CFR 1068.101(a)(1) [sic], unless it has a valid certificate of conformity for its model year and the required label."  40 C.F.R. § 1033.601(e).

19. During the time period relevant to this Complaint, both 40 C.F.R. Parts 92 and 1033 defined "new locomotive" to include remanufactured locomotives and defined

"remanufacture" as various activities including replacing all of the power assemblies, installing a remanufactured engine or a freshly manufactured engine into a previously used locomotive, refurbishing a locomotive so that it contains more unused parts than previously used parts, and converting a locomotive or locomotive engine to enable it to operate using a fuel other than it was originally manufactured to use.  40 C.F.R. § 92.2 (2020); 40 C.F.R. § 1033.901

20.   During the time period relevant to this Complaint, both 40 C.F.R. Parts 92 and 1033 required that owners and operators of locomotives and locomotive engines to perform emission-related maintenance.

a.   Part 92 required the owner of a locomotive or locomotive engine to "ensure that all emission-related maintenance is performed on the locomotives, as specified in the maintenance instructions provided by the certifying manufacturer/remanufacturer (or equivalent to the maintenance specified)." 40 C.F.R. § 92.1004(a) (2020).  It also required that all maintenance and repair of locomotives and locomotive engines be performed using good engineering judgement, in such a manner that the locomotive or locomotive engine continues (after the maintenance or repair) to meet applicable emissions standards.  *Id*. § 92.1004(b).  Furthermore, 40 C.F.R. § 92.1103(a)(3)(iii) provides that "the following acts and the causing thereof are prohibited: for a locomotive owner or operator to fail to comply with the maintenance and repair requirements of § 92.1004."

b.   Part 1033 required that owners and/or operators of locomotives:

> (a) ensure that all emission-related maintenance is performed on the locomotives, as specified in the maintenance instructions provided by the certifying manufacturer/remanufacturer . . . (or maintenance that is equivalent to the maintenance specified by the certifying manufacturer/remanufacturer in terms of maintaining emissions performance).

6

(b) Perform unscheduled maintenance in a timely manner. This includes malfunctions identified through the locomotive's emission control diagnostics system and malfunctions discovered in components of the diagnostics system itself. For most repairs, this paragraph (b) requires that the maintenance be performed no later than the locomotive's next periodic (92-day or 184-day) inspection. See paragraph (e) of this section, for reductant replenishment requirements in a locomotive equipped with an SCR system.

(c) Use good engineering judgment when performing maintenance of locomotives subject to the provisions of this part. You must perform all maintenance and repair such that you have a reasonable technical basis for believing the locomotive will continue (after the maintenance or repair) to meet the applicable emission standards and FELs to which it was certified.

********

(e) For locomotives equipped with emission controls requiring the use of specific fuels, lubricants, or other fluids, proper maintenance includes complying with the manufacturer/remanufacturer's specifications for such fluids when operating the locomotives.

40 C.F.R. § 1033.815(a), (b), (c), and (e).

21. During the time period relevant to this Complaint, both 40 C.F.R. Parts 92 and 1033 required that locomotive owners "maintain records of all maintenance and repair that could reasonably affect the emission performance of any locomotive subject to this part." 40 C.F.R. §§ 92.1004(a),(c), 92.1103(a)(2)(iv); § 1033.815(d). Records are required to be maintained for eight years. 40 C.F.R. § 92.1104(e)(2020); § 1033.815(d).

B.      **Enforcement Mechanisms**

22. The United States Department of Justice has authority to bring this action on behalf of the EPA Administrator under 28 U.S.C. §§ 516 and 519 and Sections 205(b) and 305(a) of the CAA, 42 U.S.C. §§ 7524(b) and 7605(a).

23. The compliance regulations set forth at 40 C.F.R. Part 1068 and Part 92 generally provide for civil penalties and injunctive relief for violations of applicable requirements in 40 C.F.R. Parts 92 and 1033.  40 C.F.R. § 92.1105 (2020), § 1068.101(f), § 1068.125(a).

24. 40 C.F.R. Parts 92, 1033, and 1068 provide for assessment of a civil penalty of up to $32,500 (Part 92) or $44,539 (Part 1033) per locomotive or engine for placement into service of a locomotive without an EPA-issued certificate of conformity.  40 C.F.R. § 92.1106 (2020), § 1033.601(e); §1068.101(a)(1).  For violations occurring after November 2, 2015, this amount has been adjusted to reflect inflation up to $51,796 per violation.  40 C.F.R. § 19.4.

25. 40 C.F.R. Part 92 provides for assessment of a civil penalty for failure to perform required maintenance of up to $32,500 per day.  40 C.F.R. § 92.1106 (2020).  For violations occurring after November 2, 2015, this amount has been adjusted to reflect inflation up to $51,796. 40 C.F.R. § 19.4.

26. 40 C.F.R. Part 92 provides for assessment of a civil penalty for failure to maintain records of up to $32,500 per day.  For violations occurring after November 2, 2015, this amount has been adjusted to reflect inflation up to $51,796.  40 C.F.R. § 19.4.

## **GENERAL ALLEGATIONS**

27. Each Defendant is a "person" within the meaning of Section 302(e) of the CAA, 42 U.S.C. § 7602(e).

28. During the time period relevant to this Complaint, Defendants were the "owners" and/or or "operators" and/or "remanufacturers" of "locomotives and/or locomotive engines" within the meanings of 40 C.F.R. Parts 92, 1033, and/or 1068.

29. The locomotive or locomotive engines that Defendants owned, operated, and/or remanufactured were subject to the requirements of 40 C.F.R. Parts 92, 1033, and/or 1068.

30. On June 5, 2018, September 6, 2018, and July 2, 2019, EPA sent GWI information requests pursuant to Section 208 of the CAA. 42 U.S.C. § 7542. The requests sought information about the locomotives and locomotive engines owned and operated by Defendants and affiliated companies, and their compliance with CAA regulations at 40 C.F.R. Parts 92 and 1033.

31. GWI, on behalf of Defendants, provided information to EPA in response to the request. The claims alleged in this Complaint are based on that information.

32. On March 28, 2019, EPA issued GWI a Finding of Violation setting forth violations of the CAA regulations at 40 C.F.R. Parts 92, 1033 and 1068 with respect to locomotives and locomotives engines leased, owned and operated by Defendants.

## FIRST CLAIM FOR RELIEF

### Placement into Commerce of Remanufactured Locomotives without an EPA-Issued Certificate of Conformity

33. Paragraphs 1 through 32 above are incorporated herein by reference.

34. The Defendants remanufactured the following locomotives and/or locomotive engines, or acquired the following locomotives and/or locomotive engines that had been remanufactured by their prior owners:

    a. Locomotive identified as AGR3412 remanufactured some time in 2017.

    b. Locomotive identified as PNWR 2303 remanufactured some time in 2012.

    c. Locomotive identified as CCH 3348 remanufactured some time in 2012.

    d. Locomotive identified as CCH 3349 remanufactured some time in 2012.

    e. Locomotive identified as CCH 3350 remanufactured some time in 2012.

    f. Locomotive identified as HAL 3351 remanufactured some time in 2012.

  g.  Locomotive identified as CAGY 3353 remanufactured some time in 2012.

  h.  Locomotive identified as OHCR 4023 remanufactured some time in 2008.

  i.  Locomotive identified as RCPE3463 remanufactured some time in 2009.

  j.  Locomotive identified as IORY3494 remanufactured some time in 2005.

  k.  Locomotive identified as ARZC 3999 remanufactured some time in 2008.

35. All of the locomotives and/or locomotive engines identified in the foregoing Paragraph 34 were sold, offered for sale, introduced into commerce, delivered for introduction into commerce, placed back into commerce, and/or distributed in commerce without being covered by a certificate of conformity issued by EPA following their remanufacture in violation of Section 203(a) of the CAA, 42 U.S.C. § 7522(a)(1); § 7547(d), 40 C.F.R. § 92.1103(a)(1)(i)(A) (2020) or § 1033.601(e).

36. As a result of the violations set forth above, the Railroad Defendants are liable for injunctive relief and/or civil penalties pursuant to the authorities set forth in Paragraphs 23-24 above.

## SECOND CLAIM FOR RELIEF

### Failure to Perform Required Emissions-Related Maintenance on Locomotives and Locomotive Engines

37. Paragraphs 1 through 32 above are incorporated herein by reference.

38. From approximately 2011 through the present, Defendants failed to ensure that all emission-related maintenance was performed on multiple locomotives and/or locomotive engines as specified in the maintenance instructions provided by the certifying manufacturer or remanufacturer (or equivalent to the maintenance specified) as required by 40 C.F.R. § 92.1004(a) (2020) and § 1033.815(a). Defendants also failed to maintain and repair multiple

locomotives and locomotive engines in such a manner that the locomotive and/or locomotive engine continues (after the maintenance or repair) to meet applicable emissions standards as required by 40 C.F.R. § 92.1004(b) (2020) or 40 C.F.R. § 1033.815(c), and/or to perform required maintenance on locomotives and/or locomotive engines in a timely manner as required by 40 C.F.R. § 1033.815(b).

39. Each failure to perform the required maintenance set forth in the foregoing paragraph constitutes a violation of 40 C.F.R. § 92.1004(b) (2020), § 92.1103(a)(3)(iii) (2020) or 40 C.F.R. § 1033.815(a), (b), (c) and (e).

40. As a result of the violations set forth above, Defendants are liable for injunctive relief and/or civil penalties pursuant to the authorities set forth in Paragraphs 23-25 above.

### THIRD CLAIM FOR RELIEF

**Failure to Maintain Maintenance Records**

41. Paragraphs 1 through 32 above are incorporated herein by reference.

42. From approximately 2011 through the present, the Railroad Defendants failed to "maintain records of all maintenance and repair that could reasonably affect the emission performance of any locomotive or locomotive engine" for eight years as required by 40 C.F.R. § 92.1004(a),(c) (2020), 1103(a)(2)(iv) (2020); or § 1033.815(d).

43. Each failure to maintain records as set forth in the foregoing paragraph constitutes a violation of 40 C.F.R. § 92.1004(a),(c) (2020), § 1103(a)(2)(iv) (2020) or 40 C.F.R. § 1033.815(d).

44. As a result of the violations set forth above, Defendants are liable for injunctive relief and/or civil penalties pursuant to the authorities set forth in Paragraphs 23-24 and 26 above.

**PRAYER FOR RELIEF**

Wherefore, the United States requests that this Court:

a. Enjoin Defendants from further violations of the CAA and applicable promulgated regulations and order they take all steps necessary to achieve compliance and remedy the violations identified above, including through mitigation of the excess emissions that have resulted from the violations;

b. Assess civil penalties against Defendants;

c. Award the United States its costs in this action; and

d. Grant such other relief as this Court deems just and proper.

Respectfully Submitted,

TODD KIM
Assistant Attorney General
Environment and Natural Resources Division

/s/ Elizabeth L. Loeb
ELIZABETH L. LOEB
Senior Attorney
Environmental Enforcement Section
US Department of Justice
PO Box 7611 Ben Franklin Station
Washington, DC 20001-7611
(202) 616-8916
Elizabeth.loeb@usdoj.gov

OF COUNSEL:
ANDRE DAUGAVITAS
77 West Jackson Blvd.
Chicago, IL 60604
312-353-2000
MARK PALERMO
US Environmental Protection Agency
1200 Pennsylvania Ave., NW
Washington, DC 20460